IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COAL CITY COB COMPANY, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-0123-N |
| | § | |
| PALM ENTERPRISES, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff Coal City Cob Company, Inc.'s ("Coal City") motion to remand [6]. Because the Court lacks subject matter jurisdiction over this case, the Court grants the motion.

## I. ORIGINS OF THE DISPUTE

Coal City is an Illinois corporation with its principal place of business in Texas. On June 7, 2017, Coal City filed suit for breach of contract against Defendants Palm Enterprises, Inc. ("Palm") and Sharon Frank in the 443rd Judicial District Court of Ellis County, Texas. Both Palm and Frank are Indiana residents. On December 14, 2017, Coal City amended its petition to add Defendants Transwood Carriers, Inc. ("TWC") and Transwood, Inc. ("TWI," and collectively, "Transwood"). TWC is incorporated in Nebraska. TWI is incorporated in both Nebraska and Texas.

On January 18, 2018, Transwood removed the action to this Court based on diversity of citizenship. Transwood's notice of removal alleges that TWI "is a corporation organized under the laws of the state of Nebraska." Notice of Removal ¶ 8 [1]. The notice of removal

MEMORANDUM OPINION AND ORDER – PAGE 1

does not, however, indicate that TWI is also incorporated in Texas. Coal City now moves to remand.

## II. LEGAL STANDARD

A defendant may remove a state court action to federal court if the defendant establishes the federal court's original jurisdiction over the action. 28 U.S.C. § 1441(a); *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) ("[I]t is the defendant's burden to establish the existence of federal jurisdiction over the controversy."). Thus, to remove a case, a defendant must show that the action either arises under federal law or satisfies the requirements of diversity. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("[A]bsent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."). However, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). A federal court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Thus, removal from state court is inappropriate when the federal court does not have subject matter jurisdiction.

A federal court has no subject matter jurisdiction over a diversity case unless the litigants are "citizens of different states." 28 U.S.C. § 1332(a). The United States Supreme Court has "construed [the federal] diversity provision to require complete diversity of citizenship .... [T]hus [28 U.S.C. § 1332] applies only to cases in which the citizenship of

each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

A court may determine subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Spotts v. United States*, 613 F.3d 559, 565–66 (5th Cir. 2010) (quoting *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009)). "When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96–97 (2010). "The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Id.* at 96.

### III. THE COURT GRANTS THE MOTION TO REMAND

Coal City now moves to remand. It argues that because TWI is incorporated in both Nebraska and Texas, it is a citizen of both states such that complete diversity does not exist between TWI and Coal City, a resident of both Texas and Illinois. TWI does not dispute that it has been incorporated in Texas since 2005.[1] Instead, TWI argues that while it did file articles of incorporation with the Office of the Texas Secretary of State in 2005, it merely intended to register as a foreign entity to do business in Texas – not to become a Texas corporation. TWI contends that it never considered itself to have been incorporated in any state other than Nebraska, never issued any shares of the mistakenly filed Texas corporation,

---

[1] Indeed, TWI does not contest that it remains actively incorporated in Texas and has taken no steps to terminate its incorporation in the state.

and never operated as a Texas entity. TWI thus argues that it is not a citizen of Texas for diversity purposes. The Court is not persuaded.

As an initial matter, a corporation may be incorporated in more than one state. *See, e.g.*, *Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352, 354 (5th Cir. 1985) (recognizing that a corporation may have "multiple places of incorporation"). Historically, where a corporation was incorporated in more than one state, courts would apply a rule known as the forum doctrine to determine the corporation's citizenship for diversity purposes. Under the forum doctrine, "if suit was brought by or against a corporation with multiple states of incorporation in one of its states of incorporation, for diversity purposes the company would be treated as if it were only a citizen of the forum state." 13F CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 3626 (3d ed. 2009). Thus, for example, if a Texas resident filed suit in California against a corporation incorporated in both California and Texas, under the forum doctrine the defendant corporation would be treated as though it were incorporated in California for diversity purposes and diversity jurisdiction would exist. Conversely, if the Texas plaintiff sued the corporation in Texas, under the forum doctrine the corporation would be a Texas citizen for diversity purposes, and diversity jurisdiction would not exist.

In 1958, Congress adopted 28 U.S.C. section 1332(c), which provided in part that a corporation "shall be deemed a citizen of any state by which it has been incorporated . . . ." Act of July 25, 1958, Pub. L. No. 85-554, 72 Stat. 415 (adding section 1332(c) to federal diversity jurisdiction statute). Following the passage of section 1332(c), courts were divided on whether the forum doctrine survived. For example, in *Hudak v. Port Authority*

*Trans-Hudson Corporation*, the court rejected a litigant's argument that section 1332(c) supplanted the "clearly established" forum doctrine. 238 F. Supp. 790, 792 (S.D.N.Y. 1965).

> More recently, however, a number of courts have taken the view that the statute makes corporations citizens of every state in which they are incorporated, and thus abolishes the doctrine. *See Oslick v. The Port Authority of New York & New Jersey*, 83 F.R.D. 494 (S.D.N.Y. 1979) (making no mention of *Hudak*); *French v. Clinchfield Coal Co.*, 407 F. Supp. 13 (D. Del. 1976) (rejecting reasoning of *Hudak*). Commentators have weighed in on the side of the latter courts, noting in particular that one of the paramount goals of the 1958 amendments was to limit diversity jurisdiction and thereby reduce the workload of the federal judiciary. *See generally*, [13F CHARLES ALAN WRIGHT & ARTHUR R. MILLER, *Federal Practice and Procedure* § 3626 (2d ed. 1984)]; American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, Official Draft, § 1301(b)(1) (1969) (proposing that "any" be changed to "every" state, in order to lay rest to any doubt as to proper construction of § 1332(c)).

*Smith v. Arundel Co-op., Inc.*, 660 F. Supp. 912, 913–14 (D.D.C. 1987).

In 2011, Congress amended section 1332(c)(1) to state that a corporation is a citizen of *every* state, instead of *any* state, in which it is incorporated. Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (amending section 1332(c)(1) "by striking 'any State' and inserting 'every State and foreign state'"). It thus appears clear from recent case law and the plain text of section 1332(c)(1) that the forum doctrine is no longer good law, and that a corporation is indeed a citizen of every state in which it is incorporated for purposes of diversity jurisdiction.

And while TWI argues that it did not intend to incorporate in Texas, section 1332(c) contains no "intent" requirement. *See* 28 U.S.C. § 1332(c). TWI cites no authority in support of its contention that a party's intent is relevant to the determination of where an

entity is incorporated. And "the Court cannot read such language into the statute where it does not exist, because such a construction would be contrary to the requirement that the Court strictly construe the removal statutes and resolve doubts regarding the propriety of removal in favor of remand." *Helford v. Cheyenne Petroleum Co.*, No. 3:14-CV-4539-L, 2015 WL 5771835, at *3 (N.D. Tex. Aug. 6, 2015).

"As is always the case when interpreting legal text," the Court's "task is to give effect to the language Congress has enacted, not to read additional meaning into the statute that its terms do not convey." *Yates v. Collier*, 868 F.3d 353, 369 (5th Cir. 2017) (citing *Lewis v. City of Chicago, Ill.*, 560 U.S. 205, 217 (2010)). The Court finds no support in the text of section 1332(c) or cases construing it to support TWI's proposed addition of an intent requirement for an entity's place of incorporation.

Because TWI is incorporated in both Texas and Nebraska, it is a citizen of both states. *See* 28 U.S.C. § 1332(c)(1). And because Coal City's principal place of business is in Texas, Coal City is a Texas citizen as well. *See id.* (stating that "a corporation shall be deemed to be a citizen . . . of the State or foreign state where it has its principal place of business"). As a result, complete diversity does not exist between the parties in this case. The Court thus grants Coal City's motion to remand. However, because TWI did not lack an objectively reasonable basis for seeking removal, the Court denies Coal City's request for attorneys' fees. *See* 28 U.S.C. § 1447(c) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.").

## CONCLUSION

The Court grants Coal City's motion and remands this action back to the 443rd Judicial District Court of Ellis County, Texas. The Court denies Coal City's motion for attorneys' fees.

Signed July 18, 2018.

_____
David C. Godbey
United States District Judge